LEACH, ADMINISTRATOR, BUREAU OF UNEMPLOYMENT COMPENSATION, APPELLANT, *v.* GOSHEN BRICK & CLAY CORP. ET AL., APPELLEES.

Common Pleas Court, Tuscarawas County.

No. 36055. Decided December 18, 1962.

*Mr. A. L. Greenspun,* assistant attorney general, for appellant.

*Mr. Daniel T. Lehigh,* assistant attorney general, for Board of Review.

LAMNECK, J. This case is before the court on the motion of the Board of Review of the Bureau of Unemployment Compensation of the State of Ohio, after having been made a party to the appeal as provided by Section 4141.28 N, Revised Code, to dismiss the appeal for the reason that the appeal was taken by Donald B. Leach, Administrator of the Bureau of Unemployment Compensation contrary to Section 109.02, Revised Code, and also on its merits if the motion to dismiss is overruled.

Section 109.02, Revised Code, defines the duties of the Attorney General of Ohio. It is the contention of the Board of Review that since the appeal was signed "Donald B. Leach (signature), Donald B. Leach, Administrator, Bureau of Unemployment Compensation State of Ohio" and not by the Attorney General of Ohio or any one of his assistants that the appeal was not properly perfected.

Section 4141.28 (N), Revised Code, provides in part that: Such appeal shall be taken within thirty days by the appellant by filing a notice of appeal with the Clerk of the Common Pleas Court. . . .

Under Section 4141.28 (N), Revised Code, it is provided specifically that the Administrator is a proper appellant. We know of no reason why a state officer may not prosecute a legal action which he is authorized by law to undertake as part of his official duties in his own name without being represented by the Attorney General unless he is prohibited by law in so doing. We are unable to find any inhibition to that effect.

In the instant case the Board of Review is now represented by a duly authorized Assistant Attorney General and the Administrator is represented by another Assistant Attorney General.

The motion to dismiss the appeal is therefore overruled.

In this case, William Marvin Miller had formerly been employed by the Goshen Brick & Clay Corporation. He quit his position with the company on May 25, 1959, to accept a bona-fide offer of employment at the Heller Tool Company, Inc. He started to work for this company on May 26, 1959, and was laid off for "Lack of Work" on July 15, 1959.

The claimant applied for Unemployment Compensation benefits. His application was approved and he was allowed benefits effective July 19, 1959, at the rate of $33.00 per week plus $6.00 per week dependency allowance. The claimant's benefit allowance in the amount of $858.00 was all charged to the account of the Goshen Brick & Clay Corp. by the Administrator.

On November 9, 1959, the claimant asked for a redetermination of his benefits based on the amendments to Section 4141.01, Revised Code, and other Sections of the Revised Code effective October 16, 1959. On November 16, 1959, the administrator redetermined the benefits and allowed the claimant additional benefits in the amount of $9.00 per week.

The Goshen Brick & Clay Corporation protested this redetermination and took exceptions to the increased benefit allowance of $9.00, the total increased benefit amount of $216.00 and the additional potential charges to this employer of $64.0C.

The Board of Review held on August 17, 1962, that the Administrator was correct in increasing the benefit allowance, but was in error in increasing the potential charges to the employer's account over $858.00.

To this finding of the Board of Review, the Administrator took an appeal to this court on the order of modification by the Board of Review wherein it held that the potential charge to the employer's account could not be increased.

Section 3 of House Bill No. 1130, effective October 16, 1959, provides that a claimant then receiving unemployment compensation could have his weekly benefit amount recomputed for his unexpired benefit year as to payments on and after October 16, 1959, under the amendment to division B of Section 4141.30, Revised Code, as amended effective October 16, 1959.

In *General Industries Co.* v. *Leach*, 173 Ohio St., 227, 181 N. E. (2d), 39, the Supreme Court of Ohio held that:

"The provisions of Section 3 of House Bill No. 1130 enacted by the 103rd General Assembly of Ohio, effective October 16, 1959, entitling a claimant to a redetermination and recomputation of future weekly unemployment benefits under amended Section 4141.30 (B), Revised Code, are not retroactive or a legislative exercise of judicial power in violation of Section 28 of Article II or Section 1 of Article IV of the Constitution of Ohio."

It is also provided under section 3 of said House Bill No. 1130 that "The administrator of the Bureau of Unemployment Compensation shall notify the claimant and any potentially chargeable employer of such recomputation. Such employer's account shall be charged according to the recomputed weekly benefit amount, but in no event shall the total charges to an employer's account exceed the maximum permissible under Section 4141.24, Revised Code, as it existed prior to the effective date of this act."

The Administrator contends in this case that the Board of Review has jurisdiction to review the action of the Administrator in redetermining the claimant's claim for compensation but it has no authority to modify the administrator's finding as to the potential charge to the employer's account.

Section 4141.06, Revised Code, effective April 17, 1957, in part provides as follows:

"The board shall hear appeals arising from claims for compensation and adopt, amend, or rescind such rules of procedure, undertake such investigations, and take such action required for the hearing and disposition of appeals as it deems necessary and consistent with Sections 4141.01 to 4141.46, inclusive, Revised Code."

Under Section 4141.28, Revised Code, applications for benefit rights and claims for benefits are determined by the Administrator or a deputy Administrator. There are also provisions for a hearing on reconsideration, hearing before a referee, and hearing before the Board of Review. Any interested party may appeal a decision of the Board of Review to the Court of Common Pleas of the county wherein the appellant, if an employee, is resident or was last employed or of the county wherein the appellant, if an employer, is resident or has his principal place of business in this state.

All of the foregoing sections relating to appeals refer to claims for benefits, and appeals thereon are limited to the Administrator, employers and employees. They have no application to an appeal on charges and credits to an employer's account.

Under Section 4141.24, Revised Code, the Administrator is charged with the duty of maintaining a separate account for each employer and shall notify each employer at least once each month of the benefits charged to his account since the last preceding notice.

Under Section 4141.26, Revised Code, it is the duty of the Administrator to compute an employer's contributing rate after the first day of October but not later than the first day of January of the ensuing calendar year. An employer may file an application for review and redetermination of the contribution rate.

This section also provides that:

"The employer shall be promptly notified of the administrator's denial of his application or of the administrator's redetermination, which shall become final unless, within thirty days after the mailing of notice thereof to the employer's last

known address or, in the absence of mailing, within thirty days after the delivery of such notice, an appeal is taken to the court of common pleas of Franklin county. Such appeal shall be taken by the appellant by filing a notice of appeal with the clerk of such court and with the administrator. Such notice of appeal shall set forth the decision appealed from. Proof of the filing of such notice with the administrator shall be filed with the clerk of such court.''

It is also provided that ''this Section (4141.26, Revised Code and the paragraph quoted above) applies to all other determinations and orders of the Administrator affecting the liability of an employer to pay contributions or the amount of such contributions or respecting applications for refunds of contributions.''

This court is of the opinion that the Board of Review had no jurisdiction to review the finding of the Administrator fixing the potential charges to this employer's account. If the employer was not satisfied with the administrator's determination as to charges his remedy was to appeal to the Court of Common Pleas of Franklin County as provided by Section 4141.26, Revised Code.

Even if the Board of Review has jurisdiction to review the action of the Administrator in charging the employer's account as he did, the Administrator filed a proper appeal from the Board's finding.

As stated heretofore in this Opinion, the Supreme Court held in *General Industries Company* v. *Leach, supra,* that Section 3 of House Bill No. 1130 effective October 16, 1959, is a constitutional enactment, as it affects the allowance of benefits.

Section 4141.24, Revised Code, provided in part prior to October 16, 1959:

''. . . Benefits paid to an eligible individual shall be charged against the account of his most recent employers within his base period against whose accounts the maximum charges have not previously been made, in the inverse chronological order in which the employment of such individual occurred with each such employer, *but the maximum amount so charged against the account of any employer shall not exceed one-half of the wages paid to such individual by such employer, computed to* the next higher even dollar. . . .''

In the instant case there were no additional charges against the employer's account for increased benefits prior to October 16, 1959. Each week's claim for benefits is made a separate determination under the law. The increased benefits only applied to each week's application on and after October 16, 1959. The amendments to the act are prospective and not retrospective in character and take away no vested rights of the employer and create no new obligations in respect to transactions already passed.

In the instant case, the combined total benefits of the claimant on the original determination and on redetermination chargeable to the employer's account did not exceed one-half the base period wages paid to the claimant by the employer. Under the present law the limitation is raised to a full one hundred percent of such wages. Since the Administrator's potential charge to the employer did not exceed the fifty per cent limitation, he complied fully with the limitation imposed on employers' charges, in section 3 of House Bill No. 1130 enacted by the 103rd General Assembly, effective October 16, 1959.

The court therefore finds that the decision of the Board of Review be reversed, vacated, and held for naught as being unlawful, and that the decision of the Administrator prospectively charging the employer's account be affirmed.